Porto Rico Fertilizer Company, Plaintiff and Appellant, *v.* Manuel V. Domenech, Treasurer of Puerto Rico, Defendant and Appellee.

No. 6690. Argued April 11, 1935.—Decided November 13, 1935.

J. Henri Brown, C. Ruiz Nazario, G. E. González, G. Benítez Gautier, and W. L. Butte for appellant. Benjamin J. Horton, Attorney General, and M. Rodríguez Serra, Assistant Attorney General, for appellee.

MR. JUSTICE ALDREY delivered the opinion of the court.

Porto Rico Fertilizer Company, a domestic corporation, paid without protest to the Treasurer of Puerto Rico during the years 1926, 1927, 1928, 1929, 1930, 1931, and 1932, the taxes claimed from it as withholding agent of the Virginia Carolina Chemical Corporation, a corporation of the continental United States. The payment for the year 1929 was made on June 11 of that year. On October 4, 1933, the Porto Rico Fertilizer Company presented to the Treasurer of Puerto Rico a claim for refund of all the aforesaid taxes, on the ground that the same were erroneously collected and paid, in that although it was true that from 1924 to 1931 it borrowed money from the Virginia Carolina Chemical Corporation, all such loans were made in Richmond, State of Virginia, where the proceeds thereof were expended and where the interest on the loans was paid with funds which the Porto Rico Fertilizer Company had in the banks in New York, and in that the Virginia Carolina Chemical Corporation had not then nor has now an agent in this island nor a representative or office therein. The Treasurer denied the refund requested, as to the payments made up to June 11, 1929, on the ground that four years had elapsed from the time of such payments. He also denied the refund of the payments made after said date. Thereupon the Porto Rico Fertilizer Company brought suit, in the District Court of San Juan, against the Treasurer to recover all the taxes thus paid, and alleged the facts above mentioned. Two payments were made in 1926 and in the complaint eight causes of ac-

tion were set forth, one for each payment made. A demurrer to the complaint having been filed, on the ground that the same did not state sufficient facts to constitute a cause of action, the court sustained said demurrer because the claim concerning the payments referred to in the first five causes of action was made when more than four years had already elapsed. As to the payments made after June 11, 1929, to which the last three causes of action refer, the court declared that it could not order the refund sought, because the payment were not made under protest and because the Porto Rico Fertilizer Company should have appealed from the refusal of the Treasurer to grant the refunds to the Board of Review and Equalization before resorting to the courts. Judgment was entered accordingly, and therefore the plaintiff took the present appeal.

Appellant admits in its brief before us that the first five causes of action have prescribed, and therefore it confines its argument to the contention that the judgment is erroneous as to the last three causes of action, because appellant was not bound to make the payments under protest and because it was not bound to take an appeal from the decision of the Treasurer to the Board of Review and Equalization.

Section 75 of Act No. 74 of 1925, relating to income taxes, which was in force when the payments the object of this appeal were made, authorizes the Treasurer to remit, refund, and pay back all taxes erroneously or illegally assessed or collected, all penalties collected without authority, and all taxes that appear to be unjustly assessed or excessive in amount, or in any manner wrongfully collected; imposing upon him the duty of making a report to the Legislature of Puerto Rico, at the beginning of each regular session, of all transactions under said section.

Subdivision (a) of section 76 of the same act, under the heading of "Limitations upon suits and proceedings by the taxpayer," provides that the decisions of the Board of Re-

view and Equalization shall be final without prejudice to a reconsideration pursuant to law, and that the taxpayer shall pay under protest such tax as shall have been levied on him within the time specified, and within 30 days subsequent to such payment under protest he may bring proper suit in a proper court, against the Treasurer of Puerto Rico. Said period of 30 days was extended by Act No. 8 of 1927, to one year. Subdivision (b) of the said section 76 provides that no suit or proceeding shall be maintained in any court for the recovery of any income tax or excess-profits tax alleged to have been erroneously or illegally assessed or collected, or of any pecuniary penalty claimed to have been collected without authority, or of any sum alleged to have been excessive or in any manner wrongfully collected until a claim for refund or credit has been duly filed with the Treasurer and with the Board of Review and Equalization on appeal, according to the provisions of law in that regard, and the regulations established in pursuance thereof. The effect of said provisions is that the income tax must be paid under protest in order that its refund may be claimed, and suit must be brought within one year, but that said proceeding shall not be maintained by the court unless the payment was made under protest and a claim for refund has been duly filed with the Treasurer and with the Board of Review and Equalization on appeal, on or before said year. We have already stated that in the instant case payment was not made under protest, as it should have been done.

On the other hand, it was a prerequisite that the taxpayer should have appealed to the Board of Review and Equalization from the decision of the Treasurer denying the refund claimed. The language of the statute is sufficiently clear to conclude that an appeal to the board was authorized. Such an appeal was not taken.

As the payment was not made under protest and no appeal was taken to the Board of Review and Equalization, the judgment appealed from must be affirmed.